# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY D. BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ROBLES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00430-SKO (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY DOCTRINE OF *RES JUDICATA*<br><br>(Doc. 1) |

Plaintiff Rickey D. Boyd ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2015. Plaintiff alleges that his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment were violated during his incarceration at Kern Valley State Prison ("KVSP"). Plaintiff's claims arise from an incident during which he was intentionally shot in the right leg by Correctional Officer A. Robles. Plaintiff alleges that Sergeant C. Smith was on duty as Officer Robles' immediate supervisor and that Lieutenant M. Cabrera was on duty as the watch commander.

However, on October 17, 2007, Plaintiff brought suit against Officer Robles, Sergeant Smith, and Lieutenant Cabrera for violating his Eighth and Fourteenth Amendment rights based on an incident at KVSP in 2006 during which Officer Robles intentionally shot Plaintiff in the leg. In that case, *Boyd v. Robles, et al.*, 1:07-cv-01510-RC (PC), Sergeant Smith and Lieutenant Cabrera were dismissed on October 9, 2008, based on Plaintiff's failure to state a claim against

1 them.  The case proceeded against Officer Robles for use of excessive force and it was later
2 dismissed on February 9, 2010, with prejudice.  Plaintiff did not appeal.

3       The doctrine of *res judicata*, or claim preclusion, bars Plaintiff from bringing the same
4 claims against the same parties a second time in a new lawsuit.[1]  *Headwaters, Inc. v. U.S. Forest
5 Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).  Accordingly, Plaintiff is HEREBY ORDERED to
6 show cause within **thirty (30) days** from the date of service of this order why this action should
7 not be dismissed, with prejudice, as barred by the doctrine of *res judicata*.  *Headwaters, Inc.*, 399
8 F.3d at 1054-55.

9
10 IT IS SO ORDERED.

11 Dated:   **December 24, 2015**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that the statute of limitations which applies to Plaintiff's federal § 1983 claims is two years. Cal. Civ. Proc. Code § 335.1; Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff may have also been entitled to two additional years under the applicable tolling statute, if he is not serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1.