# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY D. BOYD, | Case No. 1:15-cv-00430-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION AS BARRED BY DOCTRINE OF *RES JUDICATA* |
| v. | |
| A. ROBLES, et al., | (Docs. 1, 8) |
| Defendants. | |

Plaintiff, Rickey D. Boyd, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2015. Plaintiff alleges that his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment were violated during his incarceration at Kern Valley State Prison ("KVSP"). Plaintiff's claims arise from an incident during which he was allegedly intentionally shot in the right leg by Correctional Officer A. Robles. Plaintiff alleges that Sergeant C. Smith was on duty as Officer Robles' immediate supervisor and that Lieutenant M. Cabrera was on duty as the watch commander.

On October 17, 2007, Plaintiff brought suit against Officer Robles, Sergeant Smith, and Lieutenant Cabrera for violating his Eighth and Fourteenth Amendment rights based on an incident at KVSP in 2006 during which Officer Robles intentionally shot Plaintiff in the leg. In that case, *Boyd v. Robles, et al.*, 1:07-cv-01510-RC (PC) ("*Boyd I*"), Sergeant Smith and Lieutenant Cabrera were dismissed based on Plaintiff's failure to state a claim against them. *Boyd I* proceeded against Officer Robles for use of excessive force and it was later dismissed on February 9, 2010, with prejudice. Plaintiff did not appeal.

1  On December 28, 2015, an order issued for Plaintiff to show cause why this action should
2  not be dismissed as barred by *res judicata*. (Doc. 7.)  In response, Plaintiff states that he did not
3  appeal when *Boyd I* was dismissed because he received neither notice that it was dismissed, nor
4  that he had a right to appeal.[1]  (Doc. 8.)  Plaintiff asks the Court for forgiveness for his errors in
5  *Boyd I* and surmises it was dismissed because he had a job in the oil refinery, which "kept on
6  getting extended," and he was unable to make it from Long Beach to Sacramento for his
7  deposition. (*Id.*)  He states he has "no idea what a doctrine of *res judicata* is" and that he has no
8  access to the law library at the Los Angeles County Jail. (*Id.*)  Plaintiff requests that he be allowed
9  to proceed with this action. (*Id.*)

10  As explained in the order to show cause, the doctrine of *res judicata*, or claim preclusion,
11  bars Plaintiff from bringing the same claims against the same parties a second time in a new
12  lawsuit.[2]  *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).  Plaintiff's
13  admission of errors and/or neglect in *Boyd I* neither explains the five year lapse of time between
14  its dismissal and his filing of this action, nor provides any distinction of claims/issues so as not to
15  be precluded on *res judicata* grounds.  Plaintiff provides no legal authority for any such
16  "forgiveness" and the Court finds none.  It is also not reasonable for Plaintiff to expect that filing
17  this action would forgive the deficiencies in his prosecution of *Boyd I*.  Thus, Plaintiff has failed
18  to establish why this action is not barred by the doctrine of *res judicata*.

19  Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, as
20  barred by the doctrine of *res judicata*.

21
22  IT IS SO ORDERED.

23  Dated:   **April 25, 2016**                                   **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
24

---

[1] However, the order and entry of judgment in *Boyd I* was not returned to the Court by the United States Postal Service.

[2] The Court also notes that the statute of limitations which applies to Plaintiff's federal § 1983 claims is two years. Cal. Civ. Proc. Code § 335.1; Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff may have also been entitled to two additional years under the applicable tolling statute, if he is not serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1.  Even so, the case at bar would be barred under the statute of limitations as he did not file it until 2015 -- five years after the latest statute of limitations would have lapsed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28